```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
```

JOSEPH KIRWAN,                  :
  Plaintiff,                    :
                                :
v.                              :    Civil No. 3:06CV00207(AVC)
                                :
THERESA LANTZ; and              :
DAVID STRANGE,                  :
  Defendants.                   :

**<u>RULING ON THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

This is an action for damages and declaratory relief. It is brought pursuant to 42 U.S.C. § 1983.[1] The plaintiff, Joseph Kirwan, alleges that while he was in state custody, the defendants, Theresa Lantz, Commissioner of the Connecticut Department of Corrections, and David Strange, warden of the Carl Robinson Correctional Institution, denied Kirwan adequate medical care in violation of the Eighth and Fourteenth Amendments to the United States Constition.[2]

Pursuant to Federal Rule of Civil Procedure 56, the defendants have filed the within motion for summary judgment (document no. 12), contending that the plaintiff has failed to raise a genuine issue of material fact, and therefore that they

---

[1] Title 42 of the United States Code, section 1983, states: "Every person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." 42 U.S.C. § 1983.

[2] Kirwan states in the complaint that he brings this action against the defendants in their individual capacities only.

1

are entitled to judgment as a matter of law.

The issue presented is whether Kirwan has proffered sufficient evidence to raise a triable issue regarding the defendants' knowledge of Kirwan's medical condition and the medical treatment provided to him by their subordinates.

For the reasons set forth hereinafter, the motion for summary judgment is GRANTED.

## **FACTS:**

Examination of the complaint, pleadings, Local Rule 56(a) statements, and exhibits accompanying the motion for summary judgment discloses the following undisputed, material facts.

**Kirwan's Residential and Medical History**

From January 24, 2003, until May 30, 2003, Kirwan was incarcerated at the Osborn Correctional Institution ("Osborn"), a Connecticut Department of Corrections facility. On February 7, 2003, Kirwan was experiencing pain in his jaw, after being in an altercation with another inmate. One Jennifer Fortin, a registered nurse at Osborn, treated Kirwan. After examining Kirwan, Fortin noted no bruising, abrasions, swelling, or deformity. Kirwan was able to speak normally and could fully open his jaw. Nevertheless, Fortin scheduled Kirwan to be x-rayed, and treated him with ice and motrin.

On February 10, 2003, one John DuPont, a licenced dentist and oral surgeon, evaluated Kirwan's x-ray. DePont suspected

2

that Kirwan had a fractured jaw, and referred him to the University of Connecticut Oral Maxillofacial Surgery Clinic ("UConn clinic"). To address Kiwan's pain, DuPont prescribed motrin, and then on February 11, 2003, Tylenol with codeine for ten days. On February 19, 2003, at the UConn clinic, a CT scan confirmed DuPont's diagnosis. Clinicians treated Kirwan by performing a "closed reduction of the left subcondylar fracture with the placement of arch bars to prevent movement."

On March, 5, 2003, Kirwan had a follow-up visit to the UConn clinic. On April 22, April 25, and May 3, 2003, dentists at Osborn also saw Kirwan. On May 30, 2003, corrections authorities transferred Kirwan to the another facility, the Carl Robinson Correctional Institution ("Robinson"). On July 16, 2003, another dentist saw Kirwan, and noted that his fracture had healed normally. During this recovery period, medical personnel prescribed Tylenol #3 and Oxycodone for Kirwan's pain.

On August 8, 2003, Kirwan entered a community release program. On January 30, 2004, authorities discharged him fully from custody.

**Commissioner Lantz**

Since 1989, Lantz has held several positions in the Connecticut Department of Corrections. On March 17, 2003, weeks after Kirwan incurred his injury, she became commissioner of the department. As commissioner, Lantz does not hire medical

3

personnel or supervise their clinical practices.[3]  Accordingly, Lantz has no recollection of ever having discussed Kirwan's medical care with anyone.  Further, a search of her files revealed no correspondence from Kirwan to Lantz or her predecessor concerning his medical care.

**Warden Strange**

On May 30, 2003, the same day authorities transferred Kirwan from Osborn, Strange became the warden of that facility.  Prior to that date, Strange had been the warden at Robinson, the facility to which Kirwan had been transferred.  As such, Strange was never the warden of a facility wherein Kirwan resided for any substantial period of time.  Like the commissioner, as warden, Strange does not hire medical personnel or supervise their clinical practices.  Moreover, Strange does not know Kirwan, or recall ever having received correspondence from him regarding his medical treatment.  Further, a search of his files revealed no correspondence from Kirwan concerning his medical care.

**Procedural History**

On February 8, 2006, Kirwan filed the complaint in this matter.  On January 16, 2007, the defendants filed the within motion.  Kirwan has not responded to the defendants' motion.

---

[3] The Correctional Managed Health Care Program of the University of Connecticut Health Center performs these functions.

4

**STANDARD:**

Summary judgment is appropriately granted when the evidentiary record shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether the record presents genuine issues for trial, the court must view all inferences and ambiguities in a light most favorable to the non-moving party. See Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991), cert. denied, 502 U.S. 849 (1991). A plaintiff raises a genuine issue of material fact if "the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rule 56 "provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims... [and] it should be interpreted in a way that allows it to accomplish this purpose." Celotex v. Catrett, 477 U.S. 317, 323-324 (1986).

**DISCUSSION:**

The defendants now move for summary judgment. They are argue, inter alia, that Kirwan cannot established supervisory

liability on the part of Strange and Lantz.[4]  Specifically, they contend that "[p]ersonal involvement . . . is a prerequisite to an award of damages under 42 U.S.C. § 1983 . . . [and] [i]n the absence of any claim of personal involvement, the Complaint fails to state any claim that would support a finding of supervisory liability."  Kirwan offers no response to this argument.

"A supervisor may not be held liable under section 1983 merely because his subordinate committed a constitutional tort." Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002) (citing Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999)).  Rather, the Second Circuit has held that even where "the plaintiff can show an affirmative causal link between the supervisor's inaction and [the plaintiff's] injury," a supervisor only may be found liable for: 1) "his failure to act on information indicating unconstitutional acts were occurring"; or 2) "for his gross negligence in failing to supervise his subordinates who commit such wrongful acts . . . ."  Poe, 282 F.3d at 140 (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986); Meriwether v. Coughlin, 879 F.2d 1037, 1047-48 (2d Cir. 1989)).

For the purpose of finding supervisor liability, the Second

---

[4] The defendants also argue that they are not liable because there was no underlying constitutional violation, or alternatively, because they are entitled to qualified immunity. While these arguments likely have merit, because the motion is granted on other grounds, the court does not resolve these issues.

Circuit has "often equated gross negligence with recklessness, and . . . defined it as the 'kind of conduct where the defendant has reason to know of facts creating a high degree of risk of physical harm to another and deliberately acts or fails to act in conscious disregard or indifference to that risk.'" Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002) (quoting Bryant v. Maffucci, 923 F.2d 979, 985 (2d Cir. 1991) (citations omitted)).

A review of the submissions of the parties reveals no evidence that the defendants had any knowledge regarding Kirwan's injury or the sufficiency of his medical care. Nor is there any evidence that would otherwise support a finding that the defendants were grossly negligent in their supervision of their respective subordinates. This lack of evidence is not surprising, given that it is undisputed that: 1) Lantz assumed her duties as commissioner weeks after Kirwan sought and received medical treatment; and 2) Strange was never the warden of a given facility at the same time that Kirwan resided in that facility.

To be sure, the complaint contains allegations that might support such a finding of liability. But when opposing a motion for summary judgment, "[t]he non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998). According, even assuming that the

defendants' subordinates deprived Kirwan of some constitutional right, the defendants are nevertheless entitled to summary judgment because there is no evidence that they knew of this constitutional deprivation. Therefore, because court concludes that there is no genuine issue as to any material fact and that the defendants are entitled to a judgment as a matter of law, the motion is granted.

## **CONCLUSION:**

For the foregoing reasons, the motion for summary judgment (document no. 12) is GRANTED.

It is so ordered this 24th day of April, 2007, at Hartford, Connecticut.

/s/
Alfred V. Covello
United States District Judge